IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMIAH RAMOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-1127-E |
| | § | |
| AUSTIN PALMER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Abate Case. (Doc. 12). The Court has considered the motion, response, reply, record, and applicable law. The motion should be, and therefore is, GRANTED in part and DENIED in part.

### I. Background Facts

On October 1, 2019, Defendant police officer Austin Palmer attempted to serve a felony warrant on Plaintiff Jeremiah Ramos. Officer Palmer approached a pickup truck to serve the warrant on the person inside. The parties dispute the pickup truck driver's identity; Officer Palmer maintains that Mr. Ramos was the driver while Mr. Ramos contends that he was not the driver. Regardless of the driver's identity, it is undisputed that, whoever it was, sped away from the scene and almost hit Officer Palmer in the process.

On October 7, 2019, Officer Palmer and his partner Deputy Koenig located Mr. Ramos and again attempted to serve the outstanding arrest warrant. That much, both sides agree—but their agreement ends there. According to Mr. Ramos, Officer Palmer asked Mr. Ramos if Mr. Ramos remembered him. When Mr. Ramos said no, Officer Palmer responded "whatever." Officer Palmer

and his partner Deputy Koenig arrested Mr. Ramos, placed him in handcuffs, and led him to their police car. Mr. Ramos states that Officer Palmer continued to ask if Mr. Ramos remembered him, but Mr. Ramos repeatedly said he did not. At that point, the allegations become severe.

Mr. Ramos accuses Officer Palmer of electronically shocking Mr. Ramos in the stomach for fifteen to twenty seconds.  Mr. Ramos claims that at the time of the shocking, Mr. Ramos was handcuffed, not resisting arrest, and was not aggressive towards the officers at any time. He states that the tasing left him in excruciating pain and caused him to black out temporarily along with leaving several scars on his body. Finally, Mr. Ramos claims that after the tasing, Officer Palmer put the taser to Mr. Ramos's genitals and threatened to tase him again if Mr. Ramos said another word. According to the complaint, Officer Palmer and his partner did not file a use of force police report as required and turned off their body cameras prior to the tasing.

Officer Palmer denies these allegations. However, Officer Palmer does admit that he and his partner arrested and handcuffed Mr. Ramos on October 7, 2019, pursuant to several outstanding warrants. Officer Palmer also admits utilizing his taser for a "3 to 4 second burst when Plaintiff failed to comply with Defendant Palmer's instructions." (Doc. 10 at 3).

On May 18, 2021, Mr. Ramos filed his civil complaint in this Court. Mr. Ramos claim is for use of excessive and unnecessary force pursuant to 42 U.S.C. § 1983. (Doc. 1). On October 11, 2021, Officer Palmer filed his answer to the complaint denying the substantive allegations. (Doc. 10). Officer Palmer also filed a motion to stay the case. (Doc. 12). He informed the Court that he has been criminally indicted in connection with the events of October 7, 2019. The Grand Jury indicted Officer Palmer on two charges in August 2021—assault and official oppression—but reduced both charges to misdemeanors. The case numbers are MA2104144 (Assault) and F-

2100319 (Official Oppression). Despite the August 2021 indictment, there has since been no movement in either of those criminal cases. Nevertheless, Officer Palmer asks this Court to abate the civil case until after the conclusion of the companion criminal cases. Defendant's motion to abate is now before the Court.

## II. Legal Standard

"[A] district court may stay a civil proceeding during the pendency of a parallel criminal proceeding. . . . Such a stay contemplates 'special circumstances' and the need to avoid 'substantial and irreparable prejudice.'" *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983) (citing *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981)). "The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation." *In re Ramu Corp.*, 903 F.3d 312, 318 (5th Cir. 1990) (citation omitted).

A court should consider the following factors to determine whether there are "special circumstances" that warrant a stay: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest." *Arevalo v. City of Farmers Branch, Tex.*, No. 3:16-cv-1540-D, 2017 U.S. Dist. LEXIS 45145, 2017 WL 1153230, at *14 (N.D. Tex. Mar. 28, 2017) (Fitzwater, J.) (citations omitted).

## III. Analysis

After weighing the six factors and considering them holistically, the Court concludes that a stay should be granted but not for the indefinite period that the Defendant requests. Instead, the Court will stay this civil case for sixty days to allow time for the criminal cases to finally begin moving forward.

> 1) The first factor weighs in favor of granting the stay because there is overlap between the issues in both the civil and criminal cases.

When there is substantial overlap between the civil and criminal cases, this Court has consistently held the first factor weighs in favor of staying the civil case. *See Jean v. City of Dallas*, No. 3:18-CV-2862-M, 2019 U.S. Dist. LEXIS 161744, 2019 WL 4597580, at *2 (N.D. Tex. Sept. 22, 2019) (Ramirez, M.J.); *Timpa v. City of Dallas*, No. 3:16-CV-3089-N, 2018 U.S. Dist. LEXIS 233905, 2018 WL 10397941, at *1 (N.D. Tex. June 5, 2018) (Godbey, J.); *Arevalo*, 2017 U.S. Dist. LEXIS 45145, 2017 WL 1153230, at *14; *Walker v. Wilburn*, No. 3:13-CV-4896-D, 2015 U.S. Dist. LEXIS 135284, 2015 WL 5873392, at *7 (N.D. Tex. Oct. 5, 2015) (Fitzwater, J.). Both sides agree that this civil case and the criminal cases overlap. *Compare* (Doc. 12 at 4) (Defendant's Motion to Stay) *with* (Doc. 13 at 1-2) (Plaintiff's Response to Defendant's Motion to Stay). And after reviewing the record and taking "judicial notice of the following adjudicative facts . . ." pursuant to Defendant's urging, the Court determines that there is substantial overlap between the civil and criminal cases. The Court concludes that the overlap of issues between the civil and criminal actions weighs in favor of a stay.

> 2) The second factor weighs in favor of a stay because the Defendant has been indicted.

The Court previously acknowledged that "a stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." *Walker*, 2015 U.S. Dist. LEXIS 135284, 2015 WL 5873392, at *7 (citations omitted) (internal quotations omitted). And

typically, when a party has been indicted, the Court will hold this factor weighs in favor of a stay. *See, e.g.*, *Cigna Healthcare of Tex., Inc. v. VCare Health Servs., PLLC*, No. 3:20-CV-0077-D, 2020 U.S. Dist. LEXIS 58004, 2020 WL 1640338, at *3 (N.D. Tex. Apr. 2, 2020) (Fitzwater, J.) ("Because Reddy is under indictment rather than merely under investigation, the court finds that the status of the criminal case weighs in favor of a stay."). As the Court noted above, Officer Palmer has been indicted based on the same conduct that Mr. Ramos relies on to recover in this civil suit. The Court concludes that, because Officer Palmer has been indicted, the status of the criminal cases weighs in favor of a stay.

> 3) The third factor weighs in favor of denying the stay because Plaintiff's private interests in proceeding expeditiously weighed against the prejudice to Plaintiff caused by the delay is significant.

"A plaintiff has 'a legitimate interest in the expeditious resolution of their case,' and 'the compensation and remedy due a . . . plaintiff should not be delayed.'" *United Healthcare v. NEXT HEALTH*, No. 3:17-CV-00243-E-BT, 2021 U.S. Dist. LEXIS 208748, 2021 WL 4738621, at *3 (N.D. Tex. Feb. 24, 2021) (Brown, J.) (quoting *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 763 (W.D. Tex. 2008)). "Delayed discovery can result in loss of evidence and affect a plaintiff's ability to present its case." *Id.* (citing *Gonzalez*, 571 F. Supp. 2d. at 763). The Court has found plaintiffs face prejudice from not having obtained discovery. *See Arevalo*, 2017 U.S. Dist. LEXIS 45145, 2017 WL 1153230, at *14. The Court has also found a plaintiff's interest is heightened when there is no reliable indication of when the trial will begin. *See Walker*, 2015 U.S. Dist. LEXIS 135284, 2015 WL 5873392, at *7 ("Although Officer Wilburn has been indicted, no trial date has been set in her criminal case, and there is no reliable indication

of when the criminal trial will begin. Consequently, [Plaintiff] has a heightened interest in proceeding with this case.").

The companion criminal assault case was first set for announcement on November 1, 2021. The state court has since rescheduled it five separate times. The same is true for the official oppression case. As of the date of this order, there is no announcement in either case. In other words, there has been no movement in either assault or official oppression cases since the Grand Jury indicted Officer Palmer on those charges nine months ago. There has been no setting for motions, pleas, or a trial date. Moreover, there is no indication when the companion criminal cases may advance if at all. Accordingly, the Court finds the private interest of the Plaintiff weighs against a stay in the civil case.

   4) The fourth factor weighs in favor of granting a stay because, without a stay, the potential burden on Defendant's rights is significant.

The Court previously recognized the potential harm a defendant faces when forced to choose between asserting his Fifth Amendment rights and fulfilling his legal obligations as a witness in the civil action. *See Walker*, 2015 U.S. Dist. LEXIS 135284, 2015 WL 5873392, at *8. Moreover, the Court has held potential harms to a defendant can be nearly erased by granting a stay. *See id.*; *see also Allen v. Tuter*, No. 3:13-CV-0263-B, 2013 U.S. Dist. LEXIS 208064, 2013 WL 12449556, at *2 (N.D. Tex. May 1, 2013). Officer Palmer notes his concern about the civil rules of discovery being more lenient than the criminal rules of discovery, which could be used against him in the criminal proceedings. (Doc. 12 at 6). He also notes that any pre-trial publicity from the civil case could potentially taint the jury pool in his criminal cases. *Id.* However, because there has been no movement in the criminal cases in the nine months since the Defendant was

indicted, it is unclear how long this factor can continue to weigh in favor of staying the case. For now, the Court concludes that the potential burden on Officer Palmer's rights weighs in favor of a stay.

    5)  The fifth factor, the Court's interests, do not weigh in favor of either party.

"On the one hand, courts have a strong interest in moving matters expeditiously through the judicial system. On the other hand, granting a stay serves the interests of the courts, because conducting the criminal proceedings first advances judicial economy." *Jean*, 2019 U.S. Dist. LEXIS 161744, 2019 WL 4597580, at *5; *accord Walker*, 2015 U.S. Dist. LEXIS 135284, 2015 WL 5873392, at *9. The Court has no additional interest in this case aside from the interests that apply generally to all cases. Accordingly, the Court holds that the Court's interests do not weigh for or against a stay.

    6)  The sixth factor, the public's interest, does not weigh in favor of either party.

"While the public certainly has an interest in the prompt resolution of the instant civil case, it also has an interest in protecting the constitutional rights of criminal defendants." *Jean*, 2019 U.S. Dist. LEXIS 161744, 2019 WL 4597580, at *5; *accord Walker*, 2015 U.S. Dist. LEXIS 135284, 2015 WL 5873392, at *9. "The public also has an interest in ensuring the criminal discovery process is not subverted." *Walker*, 2015 U.S. Dist. LEXIS 135284, 2015 WL 5873392, at *9. These dueling public interests do not currently weigh for or against a stay.

Finally, the Court considers these factors holistically. Most of the factors in this analysis, this Court's precedent, and the totality of the circumstances weigh in favor of granting the stay. So, the Court will GRANT the stay. However, the lack of movement in the criminal cases in the nine months since the indictment leads the Court to believe staying the civil case until the

conclusion of the criminal cases is not currently an appropriate remedy. The Court will stay this civil case for an additional sixty days to allow time for an announcement in the companion criminal cases to take place. After that point, Officer Palmer will have to file another motion explaining why staying the civil case further remains appropriate in light of any movement in the companion criminal cases.

### IV. Conclusion

The Defendant's Motion to Abate Case is GRANTED in part and DENIED in part. The Court ORDERS this case STAYED for sixty (60) days and administratively closed during that time.

SO ORDERED: May 10, 2022.

_____
Ada Brown
UNITED STATES DISTRICT JUDGE